IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH R. REISINGER, : No. 3:07cv1221
        Plaintiff :
: (Judge Munley)
  v. :(Magistrate Judge Mannion)
:
SENECA SPECIALTY :
INSURANCE COMPANY, :
        Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Before the court for disposition is Magistrate Judge Malachy E. Mannion's report and recommendation that suggests granting Defendant Seneca Specialty Insurance Company's (hereinafter "Seneca" or "defendant") motion for summary judgment. Plaintiff Joseph R. Reisinger objects to the report and recommendation. The matter has been fully briefed and is ripe for disposition.

**Background**

The general background facts are largely not at issue in the instant case. This issue at hand is one of law, that is, whether the plaintiff possessed standing to bring this suit when it was filed on January 24, 2007.

In January 2005, plaintiff suffered a fire loss at an office/apartment building located at 448-450 South Franklin Street, Wilkes-Barre, Pennsylvania. Plaintiff owned the property and had it covered with a property insurance policy issued by Seneca.

Plaintiff filed a notice of loss with the defendant. The defendant inspected the property and adjusted the loss. On February 14, 2005, defendant advanced $25,000 to plaintiff pending the final adjustment. On April 15, 2005, an adjuster working for the defendant sent plaintiff a Statement of Loss, Valuation and Co-Insurance Schedule indicating that

the net amount of the claim as adjusted was $155,148.46.  Defendant issued plaintiff a check for $130,148.46 on April 5, 2005.  The check indicated that it was "the final payment of claim."  Plaintiff cashed this check but sent a letter to the adjuster indicating that he did not accept the check as final payment.

Plaintiff on April 20, 2005 filed a Chapter 7 Bankruptcy petition.

By orders dated December 29, 2005 and March 15, 2006, the bankruptcy judge ordered the trustee to abandon all of plaintiff's real estate pursuant to 11 U.S.C. § 554 including pre-petition rental properties.

Plaintiff instituted the instant action on January 24, 2007 by filing a writ of summons in the Court of Common Pleas of Luzerne County, Pennsylvania.  The defendant removed the case to this court on July 6, 2007.

Plaintiff's complaint asserts that the defendant did not properly adjust the fire loss claim.  It seeks the full value of the fire loss claim and damages for breach of contract and insurance bad faith.  At the time that the complaint was filed, plaintiff's bankruptcy was still pending.  Defendant has moved for summary judgment.  Magistrate Judge Mannion suggests that plaintiff did not have standing at the time he filed suit and he recommends that the court grant the defendant's summary judgment motion.  The plaintiff filed objections to the report and recommendation bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is citizen of Pennsylvania and the defendant is an Arizona corporation with a principal place of business in

2

Phoenix, Arizona. (Doc. 1 - 4, Compl. ¶ 1 - 2). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The report and recommendation addresses the defendant's motion for summary judgment. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the

motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

The controversy involved in this case centers on the plaintiff's bankruptcy proceeding, which was commenced with the filing of a voluntary petition in bankruptcy.   Such a filing creates a bankruptcy estate.  11 U.S.C. § 541(a); In re O'Dowd, 233 F.3d 197, 202 (3d Cir. 2000).  Under the Bankruptcy Code, the estate:

> "is comprised of all the following property, wherever located and by whomever held:
> (1) except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> (7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541(a).

"Accordingly, with limited exceptions, . . . the estate encompasses

everything that the debtor owns upon filing a petition, as well as any derivative rights, such as property interest the estate acquires after the case commences." In re O'Dowd, 233 F.3d at 202.  The definition of estate property is interpreted broadly and includes tangible and intangible property including causes of actions.  Interated Solutions, Inc. v. Service Support Specialities, Inc., 124 F.3d 487, 490 - 91 (3d Cir. 1997); see also Segal v. Rochelle, 382 U.S. 375, 379–80 (1966) (indicating that where the pre-bankruptcy activities of the debtor give rise to a cause of action, that cause of action is an asset of the bankruptcy estate.)

Generally, the defendant's argument is that plaintiff lacks standing to institute the instant action because the breach of contract and bad faith insurance claims belong to the bankruptcy estate.[1]  Where a lawsuit is property of a bankruptcy estate, the bankruptcy trustee must bring suit, rather than the debtor.  The report and recommendation agrees with the defendant, and suggests that at the time plaintiff filed this case, he lacked standing.

Although plaintiff filed a forty-page brief/objection to the report and recommendation, his position is rather simple.  First, he claims that he had standing to file the suit initially because the insurance policy was not a part of the bankruptcy estate.  He held ownership of the policy in trust for the benefit of the named mortgagee-loss-payee.  Where a debtor holds property in trust for another, the trust property itself is excluded from the

---

[1] Defendant also asserts that plaintiff never disclosed his assets in the policy or his rights arising from the policy to the Bankruptcy Court.  Thus, defendant argues that judicial estoppel should apply and bar plaintiff's claims.  We will not address this issue as we find that the standing issue is dispositive of the case.

5

bankruptcy estate.  Second, he claims that, regardless, the bankruptcy trustee abandoned the "plaintiff's former interest" in the insurance claim on March 15, 2006 when the trustee abandoned forty-one real estate properties, including the property covered by the insurance policy at issue. This abandonment occurred prior to the filing of the instant lawsuit; therefore, plaintiff had standing to bring suit.  Lastly, plaintiff argues that if his "former interest" in the insurance claim was not abandoned on March 15, 2006, it was certainly abandoned when the trustee filed his amended final report on October 7, 2010.  Therefore, as of October 2010, plaintiff argues, he definitely had standing to bring the lawsuit.

We disagree with the plaintiff's objections, and we will address them in turn.

### I. Plaintiff as trustee

Plaintiff initially argues that the insurance policy lawsuit was never properly part of the bankruptcy estate.  He asserts that he held the ownership of the policy in trust for the benefit of the named mortgagee-loss-payee.[2]  Where a debtor holds property in trust for another, the trust property itself is excluded from the debtor's bankruptcy estate.  Thus, the policy and claim were never part of the plaintiff's Chapter 7 estate.

We reject plaintiff's argument.  He cites to nothing in the record to indicate that he sued in his capacity as trustee.  In fact, the complaint does not list the plaintiff as suing as a trustee. (See Doc. 1 - 4, Compl. ¶ 1 (The Plaintiff, Joseph R. Reisinger, is a Pennsylvania resident, residing at 444 South Franklin Street, Wilkes-Barre, Luzerne County, Pennsylvania.")).

---

[2]Plaintiff's objections/brief do not reveal the name of the "named mortgagee-loss-payee."  Presumably, it is some financial institution.

Additionally, he cites to no law to support his position.

Assuming for the sake of argument that plaintiff would, in fact, hold the insurance proceeds in trust for the mortgagee-loss-payee, his argument is, nonetheless, unconvincing. The asset at issue here is more than the insurance policy itself. It is also the lawsuit connected to the insurance policy. The complaint seeks an amount in excess of the insurance proceeds. For example, plaintiff indicates that he was damaged personally by the breach of contract in an amount in excess of $50,000. (Id. ¶ 26). These are damages for breach of the insurance contract, not the proceeds of the insurance policy itself. Plaintiff does not indicate how these damages for his own injuries would be held in "trust" for the benefit of anyone but himself. Likewise, the complaint seeks damages for bad faith under 42 PA. CON. STAT. ANN. § 8371. Damages under this bad faith statute are awarded to the insured. Here, plaintiff was the insured. He does not indicate how these bad faith damages would have been held in trust for any other entity. Plaintiff's argument that he held these claims in trust for another entity is thus wholly unavailing and is rejected by the court.

Accordingly, plaintiff's objection based on the assertion that he held the asset at issue in trust will be overruled.

**II. Abandonment, March 2006**

Much of the parties' arguments deal with whether the bankruptcy trustee "abandoned" the property at issue. When an asset is abandoned title returns to the debtor and, where the asset is a lawsuit, the debtor then has the right to sue. Krank v. Utica Mut. Ins. Co., 109 B.R. 668, 669 (E.D.Pa.) (citing First Nat'l Bank of Jacksboro v. Lasater, 196 U.S. 115

(1905)), aff'd, 908 F.2d 962 (3d Cir.1990).

With regard to "abandonment" the Bankruptcy Code provides as follows:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554.

By order dated December 29, 2005, the bankruptcy judge ordered that "the Trustee shall abandon the real estate of the Debtor pursuant to 11 U.S.C. § 554, with the exception of the parcels secured by claims held by M & T Bank." (Doc. No. 57, Ex. 1, Report p. 11). Plaintiff argues that this abandonment included the building involved in the insurance dispute as well as all assets connected to the property such as appliances and insurance policies. Plaintiff provides no caselaw in support of this position, and we are unconvinced.[3]

The law provides that a debtor's interest in real property is separate

---

[3]Rather than citing to caselaw or relevant statutory provisions in support of this portion of his objections, plaintiff relies upon his "discussions late last week with three attorneys who are frequently in Bankruptcy Court." (Doc. 77, Pl. Objections 28).

8

from his interest in an insurance proceeds related to damage to the property. In re CS Associates, 161 B.R. 144, 147 (Bankr. E.D. Pa. 1993) (citing In re Gorman's Estate, 184 A. 86, 87 (Pa. 1936) (an insurance policy is a personal contract that exists between the insurer and insured; the building itself is not insured). "[I]nsurance contracts are personal contracts of indemnity and . . . they protect the insured's interest in the property, but . . . they are not an indemnity on the property itself." Id. We agree with the report and recommendation, where the magistrate judge notes that in the abandonment order "[n]o reference is made . . . to abandonment of the fire insurance policy which covered the property, the policy proceeds, or any legal claims related thereto." (Doc. 73, Report and Recommendation at 15). The report and recommendation further notes: "[T]he plaintiff, who made the motion to compel abandonment, failed to make any request to abandon these assets." (Id. at n.8). Accordingly, we find that the insurance proceeds and claims arising from the insurance policy were not abandoned by the trustee in March 2006, and plaintiff's objections on this ground will be overruled.

### III.  Abandonment October 2010

Finally, plaintiff claims that he had standing as of October 7, 2010 when the trustee filed his amended final report. We find this argument unpersuasive because we must examine whether standing existed at the time that the complaint was filed, not whether plaintiff possessed standing three and three quarters years later.

The United States Supreme Court has explained the importance of standing as follows: "We begin with the most basic doctrinal principles: Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the

9

resolution of 'Cases' and 'Controversies.' That case-or-controversy requirement is satisfied only where a plaintiff has standing." <u>Sprint Commc'ns Co., L.P. v. APCC Svcs, Inc.</u>, 554 U.S. 269, 273 (2008). "Standing is determined as of the time the action is brought." <u>Nova Health Sys. v. Gandy</u>, 416 F.3d 1149, 1155 (10th Cir. 2005) (citing <u>Smith v. Sperling</u>, 354 U.S. 91, 93 n. 1 (1957)). "[I]t is commonly said that standing must exist at the time an action is filed. Post-filing events that supply standing that did not exist on filing may be disregarded[.]" Wright and Miller, 13A § 3531, pg. 7-9.; <u>Utah Ass'n of Counties v. Bush</u>, 455 F.3d 1094, 1101 and explanation in n.6 (10th Cir. 2006). Accordingly, whether the actions of the trustee provided the plaintiff with standing years after the filing of the complaint is irrelevant to our analysis.[4] Plaintiff's objections on this ground will be overruled.

**Conclusion**

For the foregoing reasons, the plaintiff's objection will be overruled and the magistrate judge's report and recommendation will be adopted. An appropriate order follows.

---

[4]Moreover, "a cause of action that was never scheduled cannot be abandoned to the debtor." <u>Anderson v. Acme Mkts., Inc.</u>, 287 B.R. 624, 629 (E.D. Pa. 2002). As discussed above in Section I, the plaintiff discusses the insurance proceeds as it pertains to the bankruptcy, but not the additional claims raised in the lawsuit. There is no indication that the lawsuit was ever scheduled.

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH R. REISINGER,** Plaintiff | : No. 3:07cv1221 :<br>: (Judge Munley) |
| v. | :(Magistrate Judge Mannion) |
| **SENECA SPECIALTY INSURANCE COMPANY,** Defendant | : |

## ORDER

**AND NOW**, to wit, this 14th day of June 2011, it is hereby ordered as follows:

1) Magistrate Judge Mannion's report and recommendation (Doc. 73) is hereby **ADOPTED**;

2) Plaintiff's objections (Doc. 77) are **OVERRULED**;

3) Defendant's motion for summary judgment (Doc. 44) is **GRANTED**; and

4) The Clerk of Court is directed to close this case.

                              **BY THE COURT:**

                              **s/ James M. Munley**

                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**